UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| APP PHARMACEUTIALS, LLC, | : | |
|  | : | |
| Plaintiff, | : | Civil Action No. 10-4109 (JAP) |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| AMERIDOSE LLC, et al., | : | |
|  | : | |
| Defendants. | : | |

PISANO, District Judge.

Presently before the Court in this patent infringement action is a motion by Defendant Ameridose LLC ("Ameridose") to stay the proceedings pending *ex parte* reexamination by the Patent and Trademark Office (the "Patent Office") of U.S. Patent No. 5,670,524 (the "'524 patent") and U.S. Patent No. 5,834,489 (the "'489 patent"). Plaintiff APP Pharmaceuticals LLC ("APP") opposes the motion. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court has considered the submissions of the parties, and for the reasons set forth below Defendant Ameridose's motion is denied.

## I.  BACKGROUND

The Instant Action

Plaintiff filed its complaint in this action on August 10, 2010, alleging infringement of the '524 patent, '489 patent, and U.S. Patent No. 4,870,086 (the "'086 patent"). Defendant

answered and counterclaimed seeking declarations of non-infringement and invalidity of the patents-in-suit. Subsequently, on December 13, 2010, Plaintiff amended its complaint to add Medisca, Inc. as a defendant, alleging that Medisca has infringed the patents-in-suit. Like Ameridose, Medisca answered and counterclaimed seeking declarations of non-infringement and invalidity.

The Reexamination Proceedings

Shortly after the original complaint was filed in this action, on August 17, 2010, the Patent Office granted a request by Navinta LLC[1] for *ex parte* reexamination of the '524 and '489 patents. On November 4, 2010, the Patent Office issued office actions for both patents, rejecting all claims in each. In early February 2011, these rejections were marked "Final" by the Patent Office.

## II.  ANALYSIS

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Thus, the decision to stay a patent case in which a reexamination by the Patent Office has been requested is within the sound discretion of the district court. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (noting that "[c]ourts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted).

In deciding whether to stay a matter pending reexamination, courts have developed a three-part test. A court should consider "(1) whether a stay would unduly prejudice or present

---

[1] Navinta is a defendant in a related matter pending before the Court.

a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3Com Corp.*, 69 F. Supp 2d 404, 406 (W.D.N.Y. 1999).  The Court finds that upon consideration of these factors Defendants' motion for a stay pending reexamination should be denied.

Of particular note is that the reexamination proceedings will not resolve this case in its entirety, as the '086 patent (which has expired) is not subject to reexamination. Consequently, no matter what the outcome of the reexamination proceedings, which may not reach a final conclusion for a period of years, the parties will have to litigate infringement, willfulness, etc., as to the '086 patent before this Court.  While this individual civil action may be in an early stage, as a result of a related civil action recently before the Court, this Court is currently has an in-depth familiarity with the issues presented by this case.  The Court presided over a suit between APP's predecessor, Abraxis Bioscience, Inc., and Navinta, which lasted for nearly three years and concluded with a week-long trial.  *See Abraxis Bioscience, Inc. v. Navinta LLC*, Civil Action No. 07-1251 (D.N.J.).  The Court having invested significant resources in becoming familiar with the patents, relevant art, the parties' drug products, claim construction and the like, it would be a waste of judicial resources to put off litigating the instant matter for the length of time necessary to conclude the reexamination process.

Also, as APP points out, APP and Ameridose both sell ropivacaine drug products and, thus, are direct competitors.  APP alleges that ongoing infringing sales by Ameridose take sales from APP.  As the patents under reexamination expire in 2014, there is the possibility that a stay will eliminate any opportunity to for APP to obtain injunctive relief.  The Court

finds these factors weigh against granting a stay in this case.  *See, e.g., Adaptor, Inc. v. Sealing Systems, Inc.*, No. 09-1070, 2010 WL 4236875, *3 (E.D. Wis. 2010) ("While Adaptor is correct that money damages provide a remedy if SSI prevails, the court does not believe such damages provide sufficient reason to delay for possibly two years before SSI may even begin to litigate the enforcement of its rights. … Given that the reexamination could take two years before litigation even begins, not including any time possibly spent appealing such decision, the potential delay alone is enough to suggest loss of market share and eroded prices if an alleged infringer is allowed to continue its practices in the meantime.); *Accumed LLC v. Stryker Corp*., 551 F.3d 1323, 1328 (Fed. Cir. 2008) ("The essential attribute of a patent grant is that it provides a right to exclude competitors from infringing the patent.  In view of that right, infringement may cause a patentee irreparable harm not remediable by a reasonable royalty.").

Having weighed the above considerations, and balancing the benefits and costs with respect to staying this action, the Court concludes a stay pending reexamination is not warranted in this action.  Ameridose's motion, therefore, is denied.

### III.  CONCLUSION

For the reasons above, the motion to stay pending *ex parte* reexamination of the '524 and '489 patents is denied.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated:  March 9, 2011